IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JACQUELINE LARK**<br>20405 Patterson Pkwy.<br>Highland Hills, OH 44122<br><br>      Plaintiff,<br><br>  v.<br><br>**MEGAN J. BRENNAN, UNITED STATES**<br>**POSTMASTER GENERAL**<br>c/o United States Postal Service<br>475 L'Enfant Plaza, SW Room 4012<br>Washington, DC 20260-2200<br><br>      Defendant, | **CASE NO:**<br><br><br><br>**JUDGE**<br><br><br><br>**COMPLAINT (JURY DEMAND**<br>**ENDORSED HEREON)** |

Now comes Plaintiff, Jacqueline Lark, by and through undersigned counsel, stating the following as her Complaint including claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Ohio's anti-discrimination law, Ohio Revised Code, Chapter 4112, against Defendant Megan J. Brennan, U.S. Postmaster General, c/o the United States Postal Service.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over Counts I through VII pursuant to 28 U.S.C. § 1221 because the claims are set forth pursuant to the law of the United States of America.

2.     The Court may exercise supplemental jurisdiction over Counts VIII and XIV, Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because the claims arise out of the same set of operative facts as Counts I and VII.

3.     Venue is proper pursuant to 28 U.S.C. § 1391 as the entity Defendant runs, the

United States Postal Service ("USPS"), resides within the Northern District of Ohio, Eastern Division, as it is an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated and this is a judicial district in which Defendant is subject to the court's personal jurisdiction with respect to the civil action in question.

## PARTIES

4.     Plaintiff Jacqueline Lark ("Plaintiff") is a natural person residing in Highland Hills, Ohio.

5.     Defendant Megan J. Brennan, U.S. Postmaster General, c/o the United States Postal Service ("Defendant") is the United States Postmaster General for United States Postal Service ("USPS") which has offices in the cities of Cleveland and Macedonia/Northfield in the State of Ohio.

6.     At all relevant time, Defendant has continuously been and is now conducting business in the State of Ohio, and has continuously been and is now an employer engaged in an industry affecting commerce and meets the definition of "employer" set forth in 42 U.S.C. § 2000e(b).

7.     Plaintiff has exhausted all administrative remedies, thereby giving this Court jurisdiction over these matters.

## FACTS COMMON TO ALL COUNTS

8.     Plaintiff has worked for Defendant and her predecessors at the USPS since at least 1998 and has a good work record.

9.     At all relevant times, Plaintiff was a member of the letter carriers union.

10.     Defendant employed Plaintiff as a City Carrier, classified as Q-01, at a USPS Post

Office facility in Temple, Texas.

11.     Beginning on or around May 28, 2012, Plaintiff suffered from 37 distinct incidents of discrimination while working for Defendant's predecessor and USPS on the basis of her race (African American), sex (female), and in retaliation for previously filing claims of discrimination.

12.     As a result, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on or around March 14, 2013.

13.     This first complaint was assigned No. 4G-780-0049-13.

14.     Beginning on or around September 6, 2013, Plaintiff suffered unwarranted discipline and several other acts of discrimination while working for Defendant's predecessor in retaliation for previously filing claims of discrimination.

15.     As a result, Plaintiff filed a complaint with the EEOC on or around October 16, 2013.

16.     This second complaint was assigned No. 4G-780-0228-13.

17.     Beginning on or around January 23, 2014, Plaintiff suffered unwarranted discipline and several other acts of discrimination while working for Defendant's predecessor in retaliation for previously filing claims of discrimination.

18.     As a result, Plaintiff filed a complaint with the EEOC on or around April 18, 2014.

19.     This third complaint was assigned No. 4G-780-0107-14.

20.     Beginning on or around September 8, 2014, Plaintiff suffered unwarranted discipline and over a dozen other acts of discrimination while working for Defendant's predecessor in retaliation for previously filing claims of discrimination.

21.     Plaintiff suffered from a hostile work environment as a result of all these different

3

and specific acts of discrimination.

22.     As a result, Plaintiff filed a complaint with the EEOC on or around November 26, 2014.

23.     This fourth complaint was assigned No. 4G-780-0009-15.

24.     Beginning on or around February 18, 2015, Plaintiff suffered unwarranted discipline and over a dozen other acts of discrimination while working for Defendant in retaliation for previously filing claims of discrimination.

25.     Plaintiff suffered from a hostile work environment as a result of all these different and specific acts of discrimination.

26.     As a result, Plaintiff filed a complaint with the EEOC on or around May 26, 2015.

27.     This fifth complaint was assigned No. 4G-780-0103-15.

28.     Beginning on or around August 6, 2015, Plaintiff suffered unwarranted discipline and over a dozen other acts of discrimination while working for Defendant in retaliation for previously filing claims of discrimination.

29.     Plaintiff suffered from a hostile work environment as a result of all these different and specific acts of discrimination.

30.     As a result, Plaintiff filed a complaint with the EEOC on or around November 25, 2015.

31.     This sixth complaint was assigned No. 4G-780-0227-15.

32.     Beginning on or around May 26 2016, Plaintiff suffered unwarranted discipline and over a dozen other acts of discrimination while working for Defendant on the basis of race (African American), sex (female), color (black), and in retaliation for previously filing claims of

discrimination.

33.     As a result, Plaintiff filed a complaint with the EEOC on or around September 25, 2016.

34.     This seventh complaint was assigned No. 4C-440-0164-16.

35.     The specific allegations of discrimination are voluminous and will not be specifically recited herein, but incorporated by reference, provided in all Plaintiff's charges filed with the EEOC and the corresponding investigatory files, including several dozen affidavits and other evidence provided and secured by the EEOC and Plaintiff, and in Defendant's possession.

36.     Following the many years of discrimination Plaintiff suffered, she was finally reassigned to the USPS Post Office facility in Macedonia/Northfield in the State of Ohio.

37.     Plaintiff's charges of discrimination were investigated by the EEOC and a decision was rendered by an administrative law judge.

38.     "Right to sue" letters for Plaintiff's fourth, fifth, and sixth charges were sent by the EEOC on or around January 14, 2020.

39.     Plaintiff received these letters on or around January 20, 2020.

40.     A "right to sue" letter for Plaintiff's seventh charge was sent by the EEOC to Plaintiff on or around January 15, 2020.

41.     Plaintiff received this letter on or around January 20, 2020.

42.     A "right to sue" letter for Plaintiff's first charge was sent by the EEOC to Plaintiff on or around February 15, 2020.

43.     Plaintiff received this letter on or around February 19, 2020.

44.     Upon information and belief, "right to sue" letters for Plaintiff's second and third

charge were sent by the EEOC, but have not been received by Plaintiff.

45.     Plaintiff has exhausted all administrative remedies.

46.     Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "right to sue" letters from the EEOC.

47.     Plaintiff has satisfied all statutory prerequisites for filing this action.

## COUNT I: Discrimination Pursuant to the Civil Rights Act, 42 U.S.C. § 2002e-2, et seq. as alleged in EEOC Charge No. 4G-780-0049-13

48.     Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

49.     Plaintiff was a qualified individual as defined by Title VII.

50.     Plaintiff was subject to adverse employment actions on the basis of her race (African American), sex (female), and in retaliation for filing previous discrimination complaints.

51.     Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0049-13, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

52.     Plaintiff states a cause of action for discrimination on the basis of her race (African American), sex (female), and in retaliation in violation of Title VII.

53.     Defendant's predecessor's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, sick time, attorneys' fees, and to receive unwarranted discipline.

54.     Defendant's predecessor's discriminatory conduct, in violation of Title VII, has caused Plaintiff mental and emotional distress, entitling her to compensatory damages pursuant to

42 U.S.C. § 1981a.

55.     Defendant's predecessor has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT II: Discrimination Pursuant to the Civil Rights Act, 42 U.S.C. § 2002e-2, et seq. as alleged in EEOC Charge No. 4G-780-0228-13

56.     Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

57.     Plaintiff was a qualified individual as defined by Title VII.

58.     Plaintiff was subject to adverse employment actions in retaliation for filing previous discrimination complaints.

59.     Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0228-13, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

60.     Plaintiff states a cause of action for discrimination on the basis of retaliation in violation of Title VII.

61.     Defendant's predecessor's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, sick time, attorneys' fees, and to receive unwarranted discipline.

62.     Defendant's predecessor's discriminatory conduct, in violation of Title VII, has caused Plaintiff mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

63. Defendant's predecessor has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT III: Discrimination Pursuant to the Civil Rights Act, 42 U.S.C. § 2002e-2, et seq. as alleged in EEOC Charge No. 4G-780-0107-14

64. Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

65. Plaintiff was a qualified individual as defined by Title VII.

66. Plaintiff was subject to adverse employment actions in retaliation for filing previous discrimination complaints.

67. Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0107-14, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

68. Plaintiff states a cause of action for discrimination on the basis of retaliation in violation of Title VII.

69. Defendant's predecessor's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, sick time, attorneys' fees, and to receive unwarranted discipline.

70. Defendant's predecessor's discriminatory conduct, in violation of Title VII, has caused Plaintiff mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

71. Defendant's predecessor has engaged in discriminatory practices with malice and

reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT IV: Discrimination Pursuant to the Civil Rights Act, 42 U.S.C. § 2002e-2, et seq. as alleged in EEOC Charge No. 4G-780-0009-15

72.     Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

73.     Plaintiff was a qualified individual as defined by Title VII.

74.     Plaintiff was subject to adverse employment actions in retaliation for filing previous discrimination complaints.

75.     Plaintiff was subject to a hostile work environment in retaliation for filing previous discrimination complaints.

76.     Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0009-15, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

77.     Plaintiff states a cause of action for discrimination on the basis of retaliation in violation of Title VII.

78.     Defendant's predecessor's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, sick time, attorneys' fees, and to receive unwarranted discipline.

79.     Defendant's predecessor's discriminatory conduct, in violation of Title VII, has caused Plaintiff mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

80. Defendant's predecessor has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT V: Discrimination Pursuant to the Civil Rights Act, 42 U.S.C. § 2002e-2, et seq. as alleged in EEOC Charge No. 4G-780-0103-15

81. Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

82. Plaintiff was a qualified individual as defined by Title VII.

83. Plaintiff was subject to adverse employment actions in retaliation for filing previous discrimination complaints.

84. Plaintiff was subject to a hostile work environment in retaliation for filing previous discrimination complaints.

85. Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0103-15, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

86. Plaintiff states a cause of action for discrimination on the basis of retaliation in violation of Title VII.

87. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, sick time, attorneys' fees, and to receive unwarranted discipline.

88. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

89.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT VI: Discrimination Pursuant to the Civil Rights Act, 42 U.S.C. § 2002e-2, et seq. as alleged in EEOC Charge No. 4G-780-0227-15

90.     Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

91.     Plaintiff was a qualified individual as defined by Title VII.

92.     Plaintiff was subject to adverse employment actions in retaliation for filing previous discrimination complaints.

93.     Plaintiff was subject to a hostile work environment in retaliation for filing previous discrimination complaints.

94.     Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0227-15, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

95.     Plaintiff states a cause of action for discrimination on the basis of retaliation in violation of Title VII.

96.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, sick time, attorneys' fees, and to receive unwarranted discipline.

97.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

11

98.    Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT VII: Discrimination Pursuant to the Civil Rights Act, 42 U.S.C. § 2002e-2, et seq. as alleged in EEOC Charge No. 4G-440-0164-16

99.    Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

100.    Plaintiff was a qualified individual as defined by Title VII.

101.    Plaintiff was subject to adverse employment actions on the basis of her race (African American), sex (female), color (black), and in retaliation for filing previous discrimination complaints.

102.    Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-440-0164-16, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

103.    Plaintiff states a cause of action for discrimination on the basis of her race (African American), sex (female), color (black), and in retaliation in violation of Title VII.

104.    Defendant's  discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, sick time, attorneys' fees, and to receive unwarranted discipline.

105.    Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

106.    Defendant has engaged in discriminatory practices with malice and reckless

indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT VIII: Discrimination in Violation of Ohio Revised Code §§ 4112.02(A), 4112.02(I) and 4112.99 as alleged in EEOC Charge No. 4G-780-0049-13

107.    Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

108.    Plaintiff is a member of three protected classes because she is African American, female, and previously filed complaints for discrimination.

109.    Plaintiff is qualified as an employee for Defendant as evidenced by her many years of service for USPS.

110.    Plaintiff was subject to and suffered from adverse employment actions from Defendant's predecessor.

111.    Defendant's predecessor treated similarly situated Caucasian employees, male employees, and employees that never filed complaints of discrimination more favorably than Plaintiff.

112.    Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0049-13, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

113.    Defendant's predecessor discriminated against Plaintiff because of her race, gender, and in retaliation for filing complaints of discrimination in violation of Ohio Revised Code §§ 4112.02(A), 4112.02(I), and 4112.99.

114.    Defendant's predecessor's discriminatory conduct has caused Plaintiff to suffer a

13

loss of pay, benefits, sick time, receipt of unwarranted discipline, emotional and mental distress, and loss of attorneys' fees incurred pursuing justice.

115.    Defendant's predecessor's discriminatory actions justify the award of punitive, compensatory and other damages as this Court finds appropriate.

## COUNT IX: Discrimination in Violation of Ohio Revised Code §§ 4112.02(I) and 4112.99 as alleged in EEOC Charge No. 4G-780-0228-13

116.    Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

117.    Plaintiff is a member of a protected classes because she previously filed complaints for discrimination.

118.    Plaintiff is qualified as an employee for Defendant as evidenced by her many years of service for USPS.

119.    Plaintiff was subject to and suffered from adverse employment actions from Defendant's predecessor.

120.    Defendant's predecessor treated similarly situated employees that never filed complaints of discrimination more favorably than Plaintiff.

121.    Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0228-13, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

122.    Defendant's predecessor discriminated against Plaintiff in retaliation for filing complaints of discrimination in violation of Ohio Revised Code §§ 4112.02(I) and 4112.99.

123.    Defendant's predecessor's discriminatory conduct has caused Plaintiff to suffer a

14

loss of pay, benefits, sick time, receipt of unwarranted discipline, emotional and mental distress, and loss of attorneys' fees incurred pursuing justice.

124.   Defendant's predecessor's discriminatory actions justify the award of punitive, compensatory and other damages as this Court finds appropriate.

## COUNT X: Discrimination in Violation of Ohio Revised Code §§ 4112.02(I) and 4112.99 as alleged in EEOC Charge No. 4G-780-0107-14

125.   Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

126.   Plaintiff is a member of a protected classes because she previously filed complaints for discrimination.

127.   Plaintiff is qualified as an employee for Defendant as evidenced by her many years of service for USPS.

128.   Plaintiff was subject to and suffered from adverse employment actions from Defendant's predecessor.

129.   Defendant's predecessor treated similarly situated employees that never filed complaints of discrimination more favorably than Plaintiff.

130.   Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0107-14, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

131.   Defendant's predecessor discriminated against Plaintiff in retaliation for filing complaints of discrimination in violation of Ohio Revised Code §§ 4112.02(I) and 4112.99.

132.   Defendant's predecessor's discriminatory conduct has caused Plaintiff to suffer a

15

loss of pay, benefits, sick time, receipt of unwarranted discipline, emotional and mental distress, and loss of attorneys' fees incurred pursuing justice.

133.     Defendant's predecessor's discriminatory actions justify the award of punitive, compensatory and other damages as this Court finds appropriate.

## COUNT XI: Discrimination in Violation of Ohio Revised Code §§ 4112.02(I) and 4112.99 as alleged in EEOC Charge No. 4G-780-0009-15

134.     Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

135.     Plaintiff is a member of a protected classes because she previously filed complaints for discrimination.

136.     Plaintiff is qualified as an employee for Defendant as evidenced by her many years of service for USPS.

137.     Plaintiff was subject to and suffered from adverse employment actions from Defendant's predecessor.

138.     Defendant's predecessor treated similarly situated employees that never filed complaints of discrimination more favorably than Plaintiff.

139.     Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0009-15, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

140.     Defendant's predecessor discriminated against Plaintiff in retaliation for filing complaints of discrimination in violation of Ohio Revised Code §§ 4112.02(I) and 4112.99.

141.     Defendant's predecessor's discriminatory conduct has caused Plaintiff to suffer a

16

loss of pay, benefits, sick time, receipt of unwarranted discipline, emotional and mental distress, and loss of attorneys' fees incurred pursuing justice.

142.    Defendant's predecessor's discriminatory actions justify the award of punitive, compensatory and other damages as this Court finds appropriate.

## COUNT XII: Discrimination in Violation of Ohio Revised Code §§ 4112.02(I) and 4112.99 as alleged in EEOC Charge No. 4G-780-0103-15

143.    Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

144.    Plaintiff is a member of a protected classes because she previously filed complaints for discrimination.

145.    Plaintiff is qualified as an employee for Defendant as evidenced by her many years of service for USPS.

146.    Plaintiff was subject to and suffered from adverse employment actions from Defendant.

147.    Defendant treated similarly situated employees that never filed complaints of discrimination more favorably than Plaintiff.

148.    Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0103-15, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

149.    Defendant discriminated against Plaintiff in retaliation for filing complaints of discrimination in violation of Ohio Revised Code §§ 4112.02(I) and 4112.99.

150.    Defendant's discriminatory conduct has caused Plaintiff to suffer a loss of pay,

17

benefits, sick time, receipt of unwarranted discipline, emotional and mental distress, and loss of attorneys' fees incurred pursuing justice.

151.    Defendant's discriminatory actions justify the award of punitive, compensatory and other damages as this Court finds appropriate.

## COUNT XIII: Discrimination in Violation of Ohio Revised Code §§ 4112.02(I) and 4112.99 as alleged in EEOC Charge No. 4G-780-0227-15

152.    Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

153.    Plaintiff is a member of a protected classes because she previously filed complaints for discrimination.

154.    Plaintiff is qualified as an employee for Defendant as evidenced by her many years of service for USPS.

155.    Plaintiff was subject to and suffered from adverse employment actions from Defendant.

156.    Defendant treated similarly situated employees that never filed complaints of discrimination more favorably than Plaintiff.

157.    Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-780-0227-15, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

158.    Defendant discriminated against Plaintiff in retaliation for filing complaints of discrimination in violation of Ohio Revised Code §§ 4112.02(I) and 4112.99.

159.    Defendant's discriminatory conduct has caused Plaintiff to suffer a loss of pay,

18

benefits, sick time, receipt of unwarranted discipline, emotional and mental distress, and loss of attorneys' fees incurred pursuing justice.

160.    Defendant's discriminatory actions justify the award of punitive, compensatory and other damages as this Court finds appropriate.

## COUNT XIV: Discrimination in Violation of Ohio Revised Code §§ 4112.02(A), 4112.02(I) and 4112.99 as alleged in EEOC Charge No. 4G-440-0164-16

161.    Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

162.    Plaintiff is a member of four protected classes because she is African American, female, black, and previously filed complaints for discrimination.

163.    Plaintiff is qualified as an employee for Defendant as evidenced by her many years of service for USPS.

164.    Plaintiff was subject to and suffered from adverse employment actions from Defendant.

165.    Defendant treated similarly situated Caucasian employees, male employees, white employees, and employees that never filed complaints of discrimination more favorably than Plaintiff.

166.    Plaintiff's specific allegations of discrimination are voluminous and all contained in the EEOC charge No. 4G-440-0164-16, its investigatory record, and all other relevant documents, all of which is hereby incorporated by reference.

167.    Defendant discriminated against Plaintiff because of her race, gender, color, and in retaliation for filing complaints of discrimination in violation of Ohio Revised Code §§

4112.02(A), 4112.02(I), and 4112.99.

168.     Defendant's discriminatory conduct has caused Plaintiff to suffer a loss of pay, benefits, sick time, receipt of unwarranted discipline, emotional and mental distress, and loss of attorneys' fees incurred pursuing justice.

169.     Defendant's discriminatory actions justify the award of punitive, compensatory and other damages as this Court finds appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jacqueline Lark prays for judgment in his favor as follows:

1.     That the Court grant full front pay to the Plaintiff;

2.     That the Court grant full back pay to the Plaintiff;

3.     That the Court order Plaintiff's wrongfully expended sick time be restored;

4.     That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

5.     That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

6.     That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated and retaliated against;

7.     That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the Title VII, and/or 42 U.S.C. § 1988;

20

8.      That the Court grant Plaintiff a jury trial; and,

9.      That the Court grant Plaintiff all other relief the Court deems just and proper.

Respectfully Submitted,

/s/ Matthew T. Hurm, Esq.
Matthew T. Hurm, Esq. (0088818)
Hurm Law Firm, LLC
750 Prospect Ave. E., Suite 306
Cleveland, OH 44115
(p) (216) 860-1922
(f) (216) 820-4347
matt@hurmlawfirm.com

*Counsel for Plaintiff Jacqueline Lark*

## JURY DEMAND

A trial by jury is hereby demanded on all issues so triable.

Respectfully Submitted,

/s/ Matthew T. Hurm, Esq.
Matthew T. Hurm, Esq. (0088818)
Hurm Law Firm, LLC
750 Prospect Ave. E., Suite 306
Cleveland, OH 44115
(p) (216) 860-1922
(f) (216) 820-4347
matt@hurmlawfirm.com

*Counsel for Plaintiff Jacqueline Lark*